FILED

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

PROVIDED TO TOMOKA CI

2018 MAR 27 PM 2:48    ON 3/23/18

# UNITED STATES DISTRICT COURT

FOR MAILING BY ____

for the

MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

W.O.

Middle District of Florida
Orlando Division

| | |
|---|---|
| WARREN L. OLIVER | ) Case No. 6:17-CV-1792-Orl-31-TBS |
| | ) (to be filled in by the Clerk's Office) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| *(Write the full name of each Plaintiff who is filing this complaint.* | ) |
| *If the names of all the Plaintiffs cannot fit in the space above,* | ) |
| *please write "see attached" in the space and attach an additional* | ) |
| *page with the full list of names.)* | ) |
| -v- | ) |
| Dr. Calderon, Ms Papp, Nurse Practitioner Taylor, | ) |
| Dr. Albert Maier, Nurse Durham, Nurse Todd, | ) |
| Centurion Medical Company MHM Inc., K. Johnon, | ) |
| S. Johnson, Hartley, D. Stroh, Poole, Glenn Young, | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |
| *(Write the full name of each Defendant who is being sued. If the* | ) |
| *names of all the Defendants cannot fit in the space above, please* | ) |
| *write "see attached" in the space and attach an additional page* | ) |
| *with the full list of names. Do not include addresses here.)* | ) |

## THIRD AMENDED
## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

* Upon security reason, Plaintiff can't's obtain Defendants' whole names, he can only obtain them threw discovery, or the U.S. Marshalls can obtain them. Security will not give an inmate officer's or staff's first names.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

---

## I.   The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each Plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Warren L. Oliver |
| All other names by which you have been known: | N/A |
| ID Number | 781409 |
| Current Institution | Tomoka C.I. |
| Address | 3950 Tiger Bay Road |
| | Daytona Beach , FL  32124 |
| | *City             State  Zip Code* |

### B. The Defendant(s)

Provide the information below for each Defendant named in the complaint, whether the Defendant is an individual, a government agency, an organization, or a corporation. Make sure that the Defendant(s) listed below are identical to those contained in the above caption. For an individual Defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Calderon |
| Job or Title *(if known)* | Doctor |
| Shield Number | N/A |
| Employer | Tomoka Correctional Institution /Centurion |
| Address | 3950 Tiger BayRoad |
| | Daytona Beach, FL  32124 |
| *City              State Zip Code* | |

☑ Individual capacity  ☑ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Ms. Papp |
| Job or Title *(if known)* | Director of Medical |
| Shield Number | N/A |
| Employer | Tomoka Correctional Institution/Centurion |
| Address | 3950 Tiger Bay Road |
| | Daytona Beach, FL  32124 |
| | *City                State Zip Code* |

☑ Individual capacity  ☑ Official capacity

**Defendant No. 3**

| | |
|---|---|
| Name | Taylor |
| Job or Title *(if known)* | Nurse practitioner |
| Shield Number | N/A |
| Employer | Tomoka Correctional Institution/Centurion |
| Address | 3950 Tiger Bay Road |
| | Daytona Beach, FL  32124 |
| | *City          State Zip Code* |

☑ Individual capacity   ☑ Official capacity

**Defendant No. 4**

| | |
|---|---|
| Name | Albert Maier |
| Job or Title *(if known)* | Doctor of Central Office |
| Shield Number | N/A |
| Employer | Florida Department of Corrections |
| Address | 501 South Calhoun Street |
| | Daytona Beach, FL  32399-2500 |
| | *City          State  Zip Code* |

☑ Individual capacity   ☑ Official capacity

**Defendant No. 5**

| | |
|---|---|
| Name | Durham |
| Job or Title *(if known)* | Nurse |
| Shield Number | N/A |
| Employer | Tomoka Correctional Institution/Centurion |
| Address | 3950 Tiger Bay Road |
| | Daytona Beach, FL  32124 |
| | *City          State Zip Code* |

☑ Individual capacity   ☑ Official capacity

**Defendant No. 6**

| | |
|---|---|
| Name | Todd |
| Job or Title *(if known)* | Nurse |
| Shield Number | N/A |
| Employer | Tomoka Correctional Institution/Centurion |
| Address | 3950 Tiger Bay Road |
| | Daytona Beach, FL  32124 |
| | *City          State Zip Code* |

☑ Individual capacity   ☑ Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 7

    Name                               <u>Centurion</u>

    Job or Title *(if known)*       <u>CEO</u>

    Shield Number            <u>N/A</u>

    Employer                   <u>Centurion MHM Inc.</u>

    Address                     <u>7700 Forsyth Blvd.</u>

                                    <u>St. Louis, MO  63105</u>

                                    *City*         *State Zip Code*

    ☑ Individual capacity   ☑ Official capacity

Defendant No. 8

    Name                               <u>K. Johnson</u>

    Job or Title *(if known)*       <u>Nurse</u>

    Shield Number            <u>N/A</u>

    Employer                   <u>Tomoka Correctional Institution/Centurion</u>

    Address                     <u>3950 Tiger Bay Rd. Tiger Bay Road</u>

                                    <u>Daytona Beach, FL  32124</u>

                                    *City*         *State Zip Code*

    ☑ Individual capacity   ☑ Official capacity

Defendant No. 9

    Name                               <u>S. Johnson</u>

    Job or Title *(if known)*       <u>Officer</u>

    Shield Number            <u>N/A</u>

    Employer                   <u>Tomoka Correctional Institution</u>

    Address                     <u>3950 Tiger Bay Road</u>

                                    <u>Daytona Beach, FL  32124</u>

                                    *City*         *State Zip Code*

    ☑ Individual capacity   ☑ Official capacity

Defendant No. 10

    Name                               <u>Hartley</u>

    Job or Title *(if known)*       <u>Officer</u>

    Shield Number            <u>N/A</u>

    Employer                   <u>Tomoka Correctional Institution</u>

    Address                     <u>3950 Tiger Bay Road</u>

                                    <u>Daytona Beach, FL  32124</u>

                                    *City*         *State Zip Code*

    ☑ Individual capacity   ☑ Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 11
    Name                    S. Stroh
    Job or Title *(if known)*  Officer
    Shield Number       N/A
    Employer          Tomoka Correctional Institution
    Address           3950 Tiger Bay Road

| Daytona Beach | FL | 32124 |
|---|---|---|
| *City* | *State* | *Zip Code* |

☑ Individual capacity  ☑ Official capacity

Defendant No. 12
    Name                    Ms. Poole
    Job or Title *(if known)*  Assistant Warden
    Shield Number       N/A
    Employer          Tomoka Correctional Institution
    Address           3950 Tiger Bay Road
                            Daytona Beach, FL  32124
                            *City*          *State Zip Code*

☑ Individual capacity  ☑ Official capacity

Defendant No. 13
    Name                    Glenn Young
    Job or Title *(if known)*  Warden
    Shield Number       N/A
    Employer          Tomoka Correctional Institution
    Address           3950 Tiger Bay Road
                            Daytona Beach, FL  32124
                            *City*          *State Zip Code*

☑ Individual capacity  ☑ Official capacity

## II.    Basis for Jurisdiction

D.    Section 1983 allows Defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each Defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each Defendant acted under color of federal law. Attach additional pages if needed.

       Dr. Calderon, infringed on my Eighth Amendment when he did not treat Plaintiff for his injuries, deliberately indifference and cruel and unusual punishment.  Dr. Calderon infringed on my First Amendment when he retaliated for submitting grievances on him.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Ms. Papp infringed on Plaintiff's Eighth Amendment when she took his diet pass and would not treat him for his injuries, deliberately indifference and cruel and unusual punishment. Ms. Papp infringed on Plaintiff's First Amendment when she retaliated on him.

Nurse Practitioner Taylor infringed on Plaintiff's Eighth Amendment when she did not treat him for his injuries, deliberately indifference and cruel and unusual punishment. Nurse Taylor infringed on Plaintiff's First Amendment when she retaliated on him.

Dr. Albert Maier infringed on Plaintiff's Eighth Amendment when he did not direct Dr. Calderon to treat him for his injuries, deliberately indifference and cruel and unusual punishment.

Nurse Durham infringed on Plaintiff's Eighth Amendment when she did not place him on the call-out to see the doctor, or treat him for his injuries, deliberately indifference and cruel and unusual punishment. Nurse Durham infringed on Plaintiff's First Amendment when she retaliated on him.

Nurse Todd infringed on Plaintiff's Eighth Amendment when she did not place him on the call-out to see the doctor, or treat him for his injuries, deliberately indifference and cruel and unusual punishment. Nurse Todd infringed on Plaintiff's First Amendment when she retaliated on him.

Centurion Medical Company infringed on Plaintiff's Eighth Amendment when they would not treat him for his injuries or place him on the call-out to see the doctor, deliberately indifference and cruel and unusual punishment.

Nurse K. Johnson infringed on Plaintiff's Eighth Amendment when she did not treat him for his injuries or place him on the call-out to see the doctor, or treat him for his injuries, deliberately indifference and cruel and unusual punishment.

Officer S. Johnson infringed on Plaintiff's Eighth Amendment when she did not let Plaintiff see mental health, deprived him to a mental health specialist, deliberately indifference and cruel and unusual punishment. Officer S. Johnson infringed on Plaintiff's First Amendment when she retaliated on him.

Officer Hartley infringed on Plaintiff's Eighth Amendment when he deprived him to attend to his call-outs and tell the Nurses not to treat him for his injuries, deliberately indifference and cruel and unusual punishment. Officer Hartley infringed on Plaintiff's First Amendment when he retaliated.

Officer Stroh infringed on Plaintiff's Eighth Amendment when she deprived him from attending his call-outs for his medical conditions, deliberately indifference and cruel and unusual punishment. Officer S. Stroh had infringed on Plaintiff's First Amendment when she retaliated on him.

Assistant Warden Poole infringed on Plaintiff's Eighth Amendment when she would not abate the problem of medical, Officer Hartley, Officer S. Johnson, and Officer S. Stroh for infringing on his Constitutional rights.

> <u>Warden Glenn Young infringed on Plaintiff's Eighth Amendment when she would not abate the problem of medical, Officer Hartley, Officer S. Johnson, and Officer S. Stroh for infringing on his Constitutional rights.</u>

## III.  Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- ☐ Pretrial detainee
- ☐ Civilly committed detainee
- ☐ Immigration detainee
- ☑ Convicted and sentenced state prisoner
- ☐ Convicted and sentenced federal prisoner
- ☐ Other *(explain)* _____

## IV.  Statement of Claim

State as briefly as possible the facts of your case. Describe how each Defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.  If the events giving rise to your claim arose outside an institution, describe where and when they arose.

<u>N/A</u>

B.  If the events giving rise to your claim arose in an institution, describe where and when they arose.

1.  Plaintiff Warren Oliver, is and was at all times mentioned herein a prisoner of the State of Florida in the custody of Florida Department of Corrections.  He is currently confined in Florida prison, in Daytona Beach, Florida.

2.  Defendant Calderon is the chief doctor at Tomoka Correctional Institution and is responsible for the health and safety of all inmates at this institution.

3.  The events arose at the Main Unit at Tomoka C.I.

4.  Plaintiff had saw Dr. Calderon on numerous occasions for his abdomen.

5.  Dr. Calderon did not treat Plaintiff for his abdomen.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

6. Dr. Calderon did not treat Plaintiff knowing he has H. Pylori for a long period of time.

7. Dr. Calderon did not treat Plaintiff form the blood in his stool that could be prostate or colon cancer.

8. Dr. Calderon will try to belittle Plaintiff and intimidate him from seeking medical attention.

9. Plaintiff doesn't feel comfortable around Dr. Calderon, because of his mistreatment.

10. Plaintiff has submitted grievances on Dr. Calderon for not treating him for his injuries.

11. Plaintiff had retaliated on Plaintiff for submitting grievances on him that's why he will belittle and try to intimidate him for those grievances.

12. Plaintiff has been vomiting, dizzy, nauseated, having sharp pains after he eats, is constipated, his abdomen is bloated all the time, he has excess gas.

13. Plaintiff can't sleep at night or during the day sometimes due to his medical problems.

14. Plaintiff rectum hurts and blood is in his feces when he defecates, the feces burns when coming out.

15. Plaintiff had taken a stool sample test and it came back with blood in his feces that Dr. Calderon did not treat for two (2) years since Plaintiff has been at the institution.

16. Plaintiff isn't on any antibiotics, low residue or bland diet or other medications to eradicate the H. Pylori.

17. Dr. Calderon did not send Plaintiff to a gastroenterologist to do an upper and lower GI to eradicate the H. Pylori and see if he has colon or prostate cancer after two (2) years at this institution.

18. Plaintiff did not decline to take any medications Dr. Calderon offered him.

19. Plaintiff was at another institution and the doctors there sent him to a gastroenterologist in 2013, to do a upper and lower GI and did a biopsy on a lot of erosions in his abdomen.

20. Dr. Calderon was required to do the same as that doctor, because Plaintiff has a history of it and he has been complaining for two (2) years at this institution.

21. Plaintiff was scheduled to see doctor Calderon and Dr. Calderon said, "he did not want to see me for my abdomen again," he refused to see Plaintiff knowing he has H. Pylori and blood in his stool.

22.  Plaintiff had asked Dr. Calderon to do a testosterone test, because he feels fatigued a lot, and the H. Pylori will cause this to happen, Dr. Calderon said, "no."

23.  The meat Plaintiff is eating caused him to have H. Pylori and blood in his stool.

24.  The dirty cups, spoons and trays caused this injury also.

25.  This is a chronic clinic issue and Dr. Calderon isn't treating it.

26.  Dr. Calderon has been deliberately indifferent to Plaintiff's health  and safety, in which infringed on my Eighth Amendment.

27.  Dr. Calderon infringed on Plaintiff's First Amendment when he retaliated on him for submitting grievances on the issue.

28.  Dr. Calderon will not give Plaintiff any antibiotics, a low residue diet, nor send him to a gastroenterologist for his medical problems.

29.  Dr. Calderon stated, "I am not sending you to a gastroenterologist."

30.  Dr. Calderon had stated, "Centurion policy will not allow him to give Plaintiff a low residue diet anyway."

31.  Centurion medical company has a custom and policy of preventing doctors and Nurses from following upon medical issues that they know will cost them money, and budgetary restraints will not justify them not treating Plaintiff.

32.  A lot of inmates have submitted grievances, called the health offices in other areas about this so called doctor that's intentionally not treating inmates and want them to die.

33.  The supervisors in central office (Tallahassee, FL) knows about this and will not abate this.

34.  This is a widespread of abuse about this doctor and institution.

35.  Plaintiff can obtain evidence on all of this.

36.  Defendant. Papp is the director of medical.

37.  She oversees the health care of all the inmate at Tomoka C.I.

38. Ms. Papp interfered with a doctor giving Plaintiff a diet pass for his abdomen; he is a former doctor (Dr. M. Remirez).

39. Ms. Papp took Plaintiff's low residue pass that the doctor gave him for his abdomen.

40. Ms. Papp told Plaintiff you are not allowed to have this diet pass.

41. Plaintiff told Ms. Papp he is required to have that diet pass because of the injury of his abdomen.

42. Defendant Papp said, "Centurion will not allow you to have a low residue diet and if they did I will not give you one anyway."

43. Defendant Papp said, "I am a trouble maker because Plaintiff likes to write grievances on her staff."

44. Plaintiff told Defendant Papp that he is going to write that up.

45. Defendant Papp said, "Write it up, nothing going is going to be done about it, I run this place and I have people in high places."

46. Defendant Papp was deliberately indifferent to Plaintiff's health and safety.

47. Defendant Papp retaliated on Plaintiff for submitting grievances, she did not treat him for his injuries, in which infringes on the First Amendment.

48. This is cruel and unusual punishment also.

49. Centurion medical company has a policy and custom of preventing doctors, Nurses, and directors from following medical issues that they know will cost them money, and budgetary restraints will not justify them not treating Plaintiff for his injuries.

50. Defendant Papp can allow a low residue diet to save a life or get Plaintiff well, but she refuses to give it to him.

51. Defendant Nurse practitioner Taylor is responsible for inmates health and safety at Tomoka C.I.

52. Nurse Taylor did not treat Plaintiff for his abdomen, she did not give him any medications to eradicate the H. Pylori or blood in his stool.

53. Plaintiff did not decline to take any medications offered by Defendant Nurse practitioner Taylor.

54. Plaintiff has seen Nurse practitioner Taylor on many occasions and she did not treat him for his injuries, after she seen he has a high percentage of H. Pylori and blood in his stool since 2015.

55. Defendant Nurse practitioner Taylor will yell at Plaintiff when he comes to see her for his medical issues for no reason at all.

56. Plaintiff doesn't feel comfortable around Nurse practitioner Taylor.

57. Defendant Nurse practitioner Taylor retaliated on Plaintiff for submitting grievances on her for not treating him for his injuries and how she talked to him when he came to her office. Defendant Nurse practitioner Taylor was deliberately indifferent to Plaintiff's health and safety, in which his Eighth Amendment was violated, cruel and unusual punishment.

58. Plaintiff's First Amendment was infringed on when Nurse Taylor retaliated on him for submitting grievances on her.

59. Centurion Medical Company has a policy and custom of preventing doctors and Nurses from following upon medical issues that they know will cost them money, and budgetary restraints will not justify them not treating Plaintiff.

60. Defendant Maier is the central office health care doctor in Tallahassee, FL, who is responsible for overseeing doctors at every institution services.

61. Defendant Maier is Dr. Calderon's supervisor and he is required to direct Dr. Calderon to treat inmates for their injuries, in which he did not.

62. Plaintiff appealed his grievance to the highest level, that's central office.

63. Defendant Dr. Maier is the last resort to abate this problem before we go to court.

64. Defendant Dr. Maier did not direct doctor Calderon to do his duties as a health care supervisor in central office as required to treat Plaintiff for his injuries.

65. Defendant Dr. Maier agreed with Dr. Calderon of not treating Plaintiff for his injuries.

66. Defendant Dr. Maier was deliberately indifferent to Plaintiff's health and safety, in which is cruel and unusual punishment.

67. Defendant Dr. Maier infringed on Plaintiff's Eighth Amendment.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

68. Centurion Medical Company has a custom and policy of preventing doctors and Nurses from following up on medical issues that they know will cost them money, and budgetary restraints will not justify them not treating Plaintiff.

69. Defendant Durham  is a sick-call Nurse who oversees inmates when they sign up for sick-call.

70. Plaintiff had signed up for sick-call numerous times and saw Nurse Durham.

71. Plaintiff had signed up for sick-call about his abdomen and Nurse Durham told Plaintiff, Dr. Calderon doesn't want to see you about your abdomen.

72. Plaintiff had asked Defendant Durham to place him on the call-out to see the doctor because he is having problems with his abdomen.

73. Defendant Nurse Durham said she isn't going to place Plaintiff on the call-put to see the doctor for his abdomen.

74. Defendant Nurse Durham saw in Plaintiff's file that he has a high percentage of H. Pylori and blood in his stool, but refused to place him on the call-out to see the doctor.

75. Defendant Nurse Durham did not give Plaintiff any medication for his abdomen knowing he has a high percentage of H. Pylori and blood in his stool.

76. Plaintiff told Nurse Durham his abdomen was hurting, he is vomiting after he eats, feels dizzy, nauseated, having sharp pains after he eats, constipated, abdomen is bloated all the time, his rectum hurts and blood is in his feces and feels fatigued.

77. Defendant Nurse Durham  had said bring her the blood and she would treat Plaintiff for his injuries.

78. Defendant Nurse Durham  knew Plaintiff has a history of medical problems related to his abdomen and did not do anything about it.

79. Defendant Nurse Durham said, "It costs too much to treat you, and we can't afford it."

80. Defendant Nurse Durham  was deliberately indifferent to Plaintiff health and safety, in which is cruel and unusual punishment.

81. Centurion Medical Company has a custom and policy of preventing doctors and Nurses from following upon medical issues that they know will cost them money, and budgetary restraints will not justify them not treating Plaintiff.

82. This is a wide-spread of abuse at this institution of being deliberately indifferent to inmates health and safety.

83. Many inmates have died at this institution for not treating our injuries, and they know they can prevent the deaths.

84. Defendant Nurse Todd is another sick-call Nurse and is responsible for the well being when offenders sign up for sick-call at Tomoka C.I.

85. Plaintiff had signed up for sick-call numerous times and he saw Nurse Todd.

86. Plaintiff was complaining of his abdomen and he told Nurse Todd that he was vomiting blood.

87. Defendant Todd said, "she has to see the blood before she places Plaintiff on the call-out to see the doctor."

88. Defendant Todd was required to place Plaintiff on the call-out to see the doctor for his abdomen.

89. Since plaintiff had a valid excuse and complaint about his abdomen, and he has a history of that, he was entitled to see the doctor.

90. Defendant Todd did not give Plaintiff anything for his abdomen, nor place him to see the doctor.

91. Defendant Todd said, "The doctor doesn't want to see you again for your abdomen, he's not going to treat you."

92. Defendant Todd will say all types of nasty things to Plaintiff using profane words and abusive language towards him.

93. Defendant Todd is always being sarcastic towards Plaintiff and lying to him about his medical problems.

94. Defendant Todd saw the lab work that was done on Plaintiff and she did not place him on the call-out to see the doctor, knowing he has blood in his stool.

95. Plaintiff had saw Nurse Todd on one occasion and she said, Plaintiff doesn't have blood in his stool after the test was performed on him.

96. Plaintiff submitted a request to see his medial file and he found out he has blood in his stool.

97. Plaintiff signed up for sick-call again and saw Nurse Todd, this time she said its just a little blood, its not enough to see the doctor.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

98. Defendant Todd did not place Plaintiff's name on call-out, nor did she give him anything for his medial issues.

99. Defendant Todd lied to Plaintiff and she manipulated him about his medical problems in which she is notorious for.

100. Defendant Todd had retaliated on Plaintiff for submitting grievances on her for not treating him for his injuries, that's another reason why she was using profane and abusive language towards him.

101. Defendant Todd said, it costs too much to treat you and we can't afford it."

102. Defendant Todd was deliberately indifferent to Plaintiff's health and safety, in which is cruel and unusual punishment, that is an Eighth Amendment violation.

103. Defendant Todd infringed on Plaintiff's First Amendment when she retaliated on him.

104. Centurion Medical Company has a custom and policy of preventing doctors and Nurses from following upon medical issues that they know will cost them money, and budgetary restraints will not justify them not treating Plaintiff.

105. Centurion Medical Company who was hired by Florida Department of Corrections to treat offenders for their injuries.

106. Centurion Medical Company has policy of not giving offenders a low residue diet (Warren Oliver) and medications to eradicate his H. Pylori.

107. A low residue diet with the help of medications will eradicate the H. Pylori.

108. Plaintiff needs to see a gastroenterologist like he did in 2013 to see if he has cancer, because of the blood in his stool and high percentage of H. Pylori.

109. The gastroenterologist in 2013 had recommended that Plaintiff be placed on a low residue diet and some medications.

110. The other institutions placed Plaintiff on a low residue diet and medications.

111. Plaintiff was doing a little better since he was on the low residue diet.

112.  The gastroenterologist had biopsied the H. Pylori in 2013 with the diet also.

113.  This is a known fact that a diet and the proper medications will eradicate the H. Pylori before it turns into cancer.

114.  Centurion Medical Company is deliberately indifferent to Plaintiff health and safety in which is cruel and unusual punishment.

115.  This infringes on Plaintiff's Eighth Amendment.

116.  Centurion Medical Company has a custom and policy of preventing doctors and Nurses from following up on medical issues that they know will cost them money, and budgetary restraints will not justify them not treating Plaintiff.

117.  Defendant K. Johnson is a nurse who is responsible for the health and safety of the inmates at Tomoka C.I. and she is the intake nurse also.

118.  Defendant K. Johnson is responsible for when the labs come back to the institution; she is required to place offenders on the call-out to see the doctor or nurse practitioner, so they can explain or treat our injuries.

119.  Defendant K. Johnson did not place Plaintiff on the call-out to see the doctor for his injuries knowing he has a high percentage of H. Pylori and blood in his stool.

120.  Plaintiff has had blood in his stool since 2015 at this institution and she did not treat him for his injuries.

121.  This is a notorious thing that Nurse K. Johnson isn't placing us on the call-out, when we have blood drawn or stool samples taken and it comes back to the institution.

122.  Defendant K. Johnson has failed to do her duties a nurse in that area, she ignored the fact that Plaintiff might have colon or prostate cancer.

123.  Defendant K. Johnson has failed to treat Plaintiff for his injuries.

124.  Defendant K. Johnson is incompetent and is unfit to be a nurse and she doesn't care about treating offenders for their injuries.

125.  Defendant K. Johnson is deliberately indifferent to Plaintiff's health and safety, in which is cruel and unusual punishment.

126. Plaintiff has evidence of this fact and the other issues pertaining to those actions.

127. This is infringing on Plaintiff's Eighth Amendment.

128. Centurion Medical Company has a custom and policy of preventing doctors and Nurses from following up on medical issues that they know will cost them money, and budgetary restraints will not justify them not treating Plaintiff.

129. Defendant S. Johnson  is a correctional officer who is responsible for the care and custody and control of the offenders.

130. Defendant S. Johnson is assigned to the metal health section of medical to provide security.

131. Plaintiff has call-outs to mental health for the medial issue he is having.

132. Defendant S. Johnson will prevent Plaintiff from attending his medical call-outs for his injuries.

133. Defendant S. Johnson is always harassing Plaintiff and telling him she isn't gong to let him attend his appointments with medical.

134. Defendant S. Johnson did not let Plaintiff attend his medial call-out when she threaten of  it.

135. Plaintiff had submitted grievances on Defendant S. Johnson from harassing and depriving him of his medical call-outs.

136. Officer S. Johnson stated, "Write that up bitch."

137. Officer S. Johnson said to Plaintiff, she will have some officers beat Plaintiff's ass for writing grievances on her.

138. Plaintiff had submitted another grievance an d central office had approved it.

139. Plaintiff knows Officer S. Johnson has mental health problems, she even said it herself, if she would never say that, Plaintiff already knew something is wrong with her in the way she acts, a lot of officers have this problem also.

140. Officer S. Johnson will mention Plaintiff 's mental health problem  to other inmates and officers, because she is friends with certain mental health staff.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

141. Officer S. Johnson was deliberately indifferent to Plaintiff's health and safety, in which is cruel and unusual punishment.

142. Defendant S. Johnson infringed on Plaintiff's First Amendment when she retaliated.

143. Defendant Hartley is a correctional officer who is responsible for the care, custody, and control of the offenders.

144. Defendant Hartley was assigned to medial to provide security.

145. Defendant Hartley deprived Plaintiff from attending his medical call-outs and harassed him on many occasions.

146. Defendant Hartley will threaten Plaintiff when he attends his medical call-outs of not letting him attend his call-out for his injuries.

147. Defendant Hartley will tell the doctors and nurses not to treat Plaintiff and other offenders for our injuries, and the doctors and nurses will not treat us for our injuries.

148. Defendant Hartley is psychotic and he is on psych medications, he even said it, because he was in the military.

149. Defendant Hartley isn't supposed to be around inmates when he is on psych medications per FDOC policy.

150. The previous warden took Defendant Hartley from medical because of the above reasons.

151. Defendant Hartley will tell other offenders and officers about Plaintiff's medical problems and other offenders medical problems also.

152. Defendant Hartley will deprive Plaintiff and other offenders from getting our medications at the pill window.

153. Officer Hartley was deliberately indifferent to Plaintiff health and safety, in which is cruel and unusual punishment and that violates the Eighth Amendment.

154. Defendant Hartley had retaliated on Plaintiff for submitting grievances on him, in which infringed on his First Amendment.

155. Defendant D. Stroh is a correctional officer who is responsible for the care, custody, and control of the offenders.

156. Defendant D. Stroh was assigned to medical to provide security.

157. Defendant D. Stroh will deprive Plaintiff of his medical call-outs and harass him.

158. Defendant D. Stroh did not let Plaintiff attend his medical call-out for his injuries and he is still in pain physically and mentally.

159. Defendant D. Stroh has done this on many occasions to plaintiff of not letting him attend his medical call-outs.

160. Plaintiff had written this issue up and Defendant D. Stroh had retaliated on Plaintiff.

161. Defendant D. Stroh was deliberately indifferent to Plaintiff's health and safety, in which is cruel and unusual punishment, this is an Eighth Amendment violation.

162. Defendant D. Stroh infringed on Plaintiff's First Amendment when she retaliated on Plaintiff.

163. Defendant Poole is the assistant warden of programs at Tomoka C.I., she is responsible for medical and all other programs, plus care, custody, and control of the offenders.

164. Plaintiff had submitted grievances and had his family notify Ms. Poole, about Officer Hartley, Officer S. Johnson, Officer S. Stroh, and the medical department.

165. Defendant Poole failed to stop or abate the problems at this institution, she was on notice and failed to stop the unconstitutional violations.

166. Defendant Poole created a policy to harass and deprive offenders at the medial department of their call-out for our injuries.

167. Defendant Poole was deliberately indifferent to Plaintiff's health and safety, in which is cruel and unusual punishment, this is an Eighth Amendment violation.

168. Defendant Glenn Young is assistant warden Poole's boss and he oversees her work and duties.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

170.  Defendant Glenn Young did not abate the problems at Tomoka C.I., medical department, nor did he stop Officer Hartley, Officer S. Johnson, Officer D. Stroh from harassing him and depriving Plaintiff of his medical call-out for his injuries.

171.  Defendant Glenn Young created a policy and custom for the officers and medical to deprive the offender our medical call-outs for our injuries.

172.  Defendant Glen Young was deliberately indifferent to Plaintiff's health and safety, in which is cruel and unusual punishment, it is an Eighth Amendment violation.

173.  Plaintiff is still hurting physically and mentally by all the nefarious acts done by the Defendants.

174.  This is the worst medical staff and security officers Plaintiff has ever seen.

175.  All of the Defendants knew at all times under the constitution that they infringed on Plaintiffs' rights. Plaintiff is traumatized by all of the nefarious acts they have done to him.

176.  Plaintiff is a repeated target by these Defendants that they are infringing on his constitutional rights.

C.      What date and approximate time did the events giving rise to your claim(s) occur?

        I don't remember the dates and times.

D.      What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## V.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

> Plaintiff wasn't treated for his abdomen and he is still hurting for his injuries.  Plaintiff's abdomen is still bloated, he feels dizzy, nauseated, having sharp pain after he eats, constipated and feels weak.  Plaintiff is hurting mentally also.

## VI.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

> Plaintiff wants to go to a gastroenterologist for his abdomen, treated for blood in his stool that might be colon or prostate cancer.  Plaintiff wants a low residue diet for his abdomen (H. Pylori) medications to eradicate the H. Pylori.  Plaintiff wants injunctive relief, for Defendants to stop harassing him and depriving him of his medical call-outs, and retaliating.  Plaintiff wants compensative and punitive damages of $500,000.00.  Plaintiff wants a testosterone test done.  Plaintiff wants a jury trial on all his claims in the suit, and any additional relief this court deems equitable to grant.

## VII.   Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☐ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Tomoka Correctional Institution

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑  Yes

☐  No

☐  Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

Inadequate medical care, deprived of mental health treatment, deliberately indifference,

cruel and unusual punishment, and retaliation.

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.    If you did file a grievance:
1. Where did you file the grievance?

Tomoka Correctional Institution

2. What did you claim in your grievance?

Inadequate medical care, deprived mental health treatment, harassment, retaliation,

deliberately indifference to medical care, cruel and unusual punishment.

3. What was the result, if any?

A lot of grievances were denied, some were approved.

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

<u>The grievance process is completed.  I went to the highest level, central office in Tallahassee.</u>

F.       If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

_____

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

_____

G.       Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____

   *(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☑ Yes

☐ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

Middle District, Northern District and Southern District

   <u>3:11-CV-964-J-37-MCR, 5:15-CV-16-WS-CJK, 5:13-CV-209-WS-GRJ, 5:13-CV-218-RS-GRJ,</u>
   <u>1:16-CV-2205-UU</u>

A.       Have you filed other lawsuits in state or federal court dealing with the same facts involved in this

         action?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☑  Yes

☐  No

B.   If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

Plaintiff(s) Warren Oliver

Defendant(s) Harden, et al;

2. Court *(if federal court, name the district; if state court, name the county and State)*
   Middle

3. Docket or index number

   3:11-CV-964-J-37-MCR

4. Name of Judge assigned to your case

   Roy B. Dalton Jr

5. Approximate date of filing lawsuit

   2011

6. Is the case still pending?

☐  Yes

☑  No

If no, give the approximate date of disposition.

I don't remember

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

It was dismissed but I appealed it.

C.   Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☑ Yes

☐ No

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.   If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

Plaintiff(s)Warren Oliver

Defendant(s)Gafford, et al;

2. Court *(if federal court, name the district; if state court, name the county and State)*

Northern

3. Docket or index number

5:15-CV-153-MP-GRJ

4. Name of Judge assigned to your case

William Stafford

5. Approximate date of filing lawsuit

I think it was 2014 or 2015

6. Is the case still pending?

☑ Yes

☐ No

If no, give the approximate date of disposition

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

Granted in part, denied in part

E.   If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

Plaintiff(s) Warren Oliver

Defendant(s) Sgt. Reeder

2. Court *(if federal court, name the district; if state court, name the county and State)*

Leon County, Second Circuit and First

3. Docket or index number

2010-CA-1757, 2010-CA-80, I don't remember the other #'s

4. Name of Judge assigned to your case

    Charles Frances / Jakie Fulford

5. Approximate date of filing lawsuit

    I don't remember, I lost the paperwork

6. Is the case still pending?

  ☐ Yes

  ☒ No

    If no, give the approximate date of disposition

    I don't remember

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

    The institution made me file a voluntary dismissal. They were writing false D.R.'s on me and depriving me of things.

F.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

  Plaintiff(s) Warren Oliver

  Defendant(s) Sgt. Cass, et al;

2. Court *(if federal court, name the district; if state court, name the county and State)*

    Northern District

3. Docket or index number

    5:13-CV-209-WS-GRJ, 5:13-CV-218-GRJ

4. Name of Judge assigned to your case

    William Stafford or Charles J. Kahn Jr

5. Approximate date of filing lawsuit

    I think it was 2013 or 2014.

6. Is the case still pending?

  ☐ Yes

  ☒ No

If no, give the approximate date of disposition

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

I don't remember.

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

It was dismissed, but I appealed it and don't know what happened, the appeal court never sent me an order.

G.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

Plaintiff(s) Warren Oliver

Defendant(s) FDOC officials or Secretary of DOC

2. Court *(if federal court, name the district; if state court, name the county and State)*

Leon County, FL

3. Docket or index number

I had forgot the case number, it was lost three (3) cases. The paperwork was lost or thrown away.

4. Name of Judge assigned to your case

Charles Frances / Jakie Fulford and Patterson

5. Approximate date of filing lawsuit

I think it was 2009, 2011 or 2013.

6. Is the case still pending?

☐   Yes

 No

If no, give the approximate date of disposition

I don't remember.

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

It was dismissed, but I appealed it.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

H.      If your answer to C is yes, describe each lawsuit by answering questions 1 through 7
below. *(If there is more than one lawsuit, describe the additional lawsuits on another page,
using the same format.)*

   1. Parties to the previous lawsuit

   Plaintiff(s) <u>Warren Oliver</u>

   Defendant(s) <u>FDOC Officials or Secretary of DOC</u>

   2. Court *(if federal court, name the district; if state court, name the county and State)*

   <u>Middle</u>

   3. Docket or index number

   <u>1:14-CV-184-MP-GRJ, 3:14-CV-1213-HLA-JBT, 3:15-CV-402-J-20-MCR</u>

   4. Name of Judge assigned to your case

   <u>Brian Davis</u>

   5. Approximate date of filing lawsuit

   <u>2014</u>

   6. Is the case still pending?

   ☐   Yes

    No

         If no, give the approximate date of disposition _____

   7. What was the result of the case? *(For example: Was the case dismissed? Was judgment
entered in your favor? Was the case appealed?)*

   <u>It was appealed</u>

I.      If your answer to C is yes, describe each lawsuit by answering questions 1 through 7
below. *(If there is more than one lawsuit, describe the additional lawsuits on another page,
using the same format.)*

   1. Parties to the previous lawsuit

   Plaintiff(s) <u>Warren Oliver</u>

   Defendant(s) <u>Kathleen, et al;</u>

   2. Court *(if federal court, name the district; if state court, name the county and State)*

   <u>Southern</u>

   3. Docket or index number

   <u>1:16-CV-22053-UU</u>

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☐ Yes

☐ No

D.   **If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below.** *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   **Parties to the previous lawsuit**
     Plaintiff(s)    Warren, Oliver
     Defendant(s)   Warden White, et al;

2.   **Court** *(if federal court, name the district; if state court, name the county and State)*
     Middle District

3.   **Docket or index number**
     3:14-CV-1506-BJD-JRK

4.   **Name of Judge assigned to your case**
     James R. Klindt / Brain J, Davis

5.   **Approximate date of filing lawsuit**
     I think 2014, 2015 or 2016

6.   **Is the case still pending?**
     ☑ Yes

     ☐ No

     **If no, give the approximate date of disposition**

7.   **What was the result of the case?** *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

     It is still pending

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

4. Name of Judge assigned to your case

    <u>Ursula Ungaro</u>

5. Approximate date of filing lawsuit

    <u>Around 2016</u>

6. Is the case still pending?

    ✓ Yes

    ☐ No

        If no, give the approximate date of disposition

        _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

        The case was dismissed, but I appealed it and the Eleventh Circuit reversed and <u>remanded it back to the District Court</u>

## IX.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 3-22-18

Signature of Plaintiff Name     
Printed Name of Plaintiff     <u>WARREN OLIVER</u>
Prison Identification #     <u>781409</u>
Prison Address     <u>Tomoka Correctional Institution</u>
        <u>3950 Tiger Bay Road</u>
        <u>Daytona Beach, FL   32124</u>
          *City          State    Zip Code*

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

**B.    For Attorneys**

Date of signing: _____

Signature of Attorney            _____

Printed Name of Attorney         _____

Bar Number                       _____

Name of Law Firm                 _____

Address                          _____

                    _____    _____    _____
                       *City*         *State*       *Zip Code*

Telephone Number                 _____

E-mail Address                   _____