UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WARREN L. OLIVER,

    Plaintiff,

v.                                                  CASE NO. 6:17-cv-1792-Orl-31TBS

DR. CALDERON, et al.,

    Defendants.
_____/

## ORDER

This matter is before the Court on Motions to Dismiss Plaintiff's Third Amended Complaint, alleging violations of his constitutional rights while incarcerated at the Tomoka Correctional Institution. (Doc. 11). Docket number 18 is the Motion to Dismiss filed on behalf of Officers S. Johnson, Hartley, and S. Stroh, and Warden Young and Assistant Warden Poole. Docket number 51 is the Motion to Dismiss filed on behalf of the following medical staff: Dr. Calderon, and Nurses Todd and K. Johnson. Plaintiff responded to the motions at docket numbers 21 and 55 respectively.

### I.    BACKGROUND

Plaintiff, a *pro se* prisoner in the State of Florida, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants for claims arising out of his incarceration at Tomoka Correctional Institution. (Doc. 11 at 5-19). Plaintiff states that on numerous occasions he sought medical treatment for abdominal pain, blood in his stool, and H. Pylori, a type of bacteria that lives in one's digestive tract. (*Id.* at 8). Plaintiff states that as

a result of his untreated medical conditions, he has experienced vomiting, dizziness, nausea, sharp pains after ingesting food, constipation, bloating, and excess gas. (*Id.*). Plaintiff also alleges that he suffers from pain in his rectum and has trouble sleeping due to these medical problems. (*Id.*).

According to Plaintiff, Defendant Dr. Calderon ("Defendant Calderon") violated his Eighth Amendment right to medical care by refusing to prescribe medication or a low residue diet and failing to grant him access to the necessary medical testing in order to determine the cause of Plaintiff's symptoms. (*Id.*). Plaintiff states that he has a history of abdominal and gastric issues and was treated by a gastroenterologist in 2013, who recommended that Plaintiff be placed on a low residue diet. (*Id.* at 8, 14). Plaintiff contends that Defendant Calderon is aware of his medical history, yet he has failed to treat him in a medically appropriate manner. (*Id.* at 8-9). Additionally, Plaintiff alleges that Defendant Calderon violated his First Amendment rights by retaliating against him for filing grievances regarding his medical care. (*Id.* at 5).

Plaintiff also asserts that Defendant Nurse Todd ("Defendant Todd"), and Defendant Nurse K. Johnson ("Defendant K. Johnson") violated his Eighth Amendment rights by failing to treat his symptoms and refusing to give him medication to eradicate the H. Pylori. (*Id.* at 10-15). Moreover, Plaintiff contends that Defendants Todd and K. Johnson refused to place him on medical call-out to see Defendant Calderon despite their knowledge of his medical history and the pain he was suffering. (*Id.* at 12-15). Plaintiff

states that Defendants Todd and K. Johnson retaliated against him for filing grievances related to his medical care by refusing to give him medical treatment. (*Id.* at 11-15).

Plaintiff sues the correctional officer defendants, S. Johnson, Hartley, and Stroh, for harassing Plaintiff, using abusive language, and threatening to retaliate against him for writing grievances. (*Id.* at 16). Plaintiff maintains that these Defendants have violated his First and Eighth Amendment rights by refusing to allow him to attend sick call or medical appointments as punishment for filing grievances. (*Id.* at 16-18).

Plaintiff finally contends that Defendants Poole and Young are liable for the First and Eighth Amendment violations as wardens of the prison. (*Id.* at 18). Plaintiff states that Defendants Poole and Young have authority to "stop or abate the problems at the institution" and were on notice of the unconstitutional policy or custom of refusing to treat inmates' medical concerns. (*Id.*at 18-19).

## II. STANDARD OF REVIEW

When considering a motion to dismiss pursuant to Rule 12(b) (6), the complaint is construed in the light most favorable to the plaintiff and its allegations are taken as true. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development Corporation S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983). A complaint must contain a short and plain statement demonstrating an entitlement to relief, and the statement must "give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007) (quoting *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 346 (2005)).

Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007).

In order to survive a motion to dismiss, a complaint "does not need detailed factual allegations," but must include "enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Randall v. Scott*, 610 F.3d 701, 708 (11th Cir. 2010). Thus, "[w]hile a complaint attacked by a Rule 12(b) (6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*.

Dismissal is also warranted under Rule 12(b)(6) if, assuming the truth of the factual allegations of the plaintiff's complaint, there remains a dispositive legal issue which precludes relief. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *Brown v. Crawford County, Ga.*, 960 F.2d 1002, 1009-10 (11th Cir. 1992). In the case of a *pro se* action, the Court should construe the complaint more liberally than it would pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

### III. DISCUSSION

**A.    Dismissal Under § 1915(g)**

Defendants Todd, K. Johnson, and Calderon contend that Plaintiff's Third Amended Complaint is subject to dismissal because he has had three previous lawsuits dismissed pursuant to § 1915(e)(2)(B) as frivolous or for failure to state a claim. (Doc. 51 at 3-5).

Section 1915(g) of Title 28 limits a prisoner's ability to bring a civil action *in forma pauperis* under certain circumstances:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, if a prisoner has had three or more lawsuits or appeals dismissed for one of the recited reasons, he cannot proceed *in forma pauperis* and must pay the filing fee in full at the time the lawsuit is initiated. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). Consequently, courts have a responsibility to dismiss cases, even *sua sponte*, under 28 U.S.C. § 1915(g). *See, e.g., Casey v. Scott*, 493 F. App'x 1000, 1001 (11th Cir. 2012).

The Court takes judicial notice of two federal cases previously brought by Plaintiff that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted: (1) Case No. 5:15-cv-16-WS-CJK (N.D. Fla. Mar. 16, 2015) (dismissing case under § 1915(e)(2)(B) as malicious for abuse of judicial process) and (2) Case No. 15-12211 (11th Cir. Nov. 10, 2015) (dismissing appeal as frivolous). Petitioner

has a third case, Case Number 1:16-cv-22053-U (S.D. Fla. Oct. 27, 2017), that was also dismissed for failure to state a claim. However, that case was dismissed *after* Plaintiff initiated the instant action. Therefore, this case is not subject to dismissal under § 1915(g).

> B. **Eleventh Amendment Immunity**

Defendants argue that the Eleventh Amendment bars Plaintiff from suing them in their official capacities for monetary relief. (Doc. Nos. 18 at 10; 51 at 8-9). A suit against a state official in his official capacity is a suit against the State itself. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment prohibits a suit against the State absent the State's consent to the suit. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). Florida has not waived its sovereign immunity or consented to be sued in damage suits brought under § 1983. *See* § 768.28(18), Fla. Stat.; *Gamble v. Fla. Dep't of Health & Rehabilitative Servs.*, 779 F.2d 1509, 1515 (11th Cir. 1986). Accordingly, Plaintiff's claims against Defendants in their official capacities for damages will be dismissed.

> C. **Qualified Immunity**

Defendants assert that this case is subject to dismissal because they are entitled to qualified immunity. (Doc. Nos. 11 at 6, 10-11; 51 at 7). The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan,* 555 U.S. 223, 232 (2009) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)) (quotation omitted). To receive qualified immunity a defendant must first prove he or she was acting within the scope of his or her

discretionary authority. *See Vineyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002).

Once a defendant shows that he or she was acting within his or her discretionary authority, the burden shifts to the plaintiff to demonstrate that qualified immunity is not appropriate. *Lumley v. City of Dade City*, 327 F.3d 1186, 1194 (11th Cir. 2003). The Supreme Court has set forth a two-part test for the qualified immunity analysis. First, a court must determine "whether [the] plaintiff's allegations, if true, establish a constitutional violation." *Hope v. Pelzer*, 536 U.S. 730, 736 (2002). If Plaintiff's version of the facts set forth the violation of a constitutional right, the next step is to ask whether the right was clearly established at the time of the alleged conduct. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). It is within a court's discretion to decide which prong of the qualified immunity analysis to address first. *See Pearson*, 555 U.S. at 236.

The Court concludes that Defendants S. Johnson, Hartley, and Stroh were acting in their discretionary authority as correctional officers, and Defendants Todd, K. Johnson, and Calderon were acting in their discretionary authority as medical staff. Therefore, the Court will consider whether Plaintiff has demonstrated that Defendants violated a clearly established constitutional right.

Plaintiff first alleges that Defendants S. Johnson, Hartley, and Stroh have made harassing and threatening statements. However, the Eleventh Circuit has held that "threats and verbal abuse alone [are] insufficient to state a constitutional violation." *See Hernandez v. Fla. Dep't of Corr.*, 281 F. App'x 862, 866 (11th Cir. 2008).

Regarding Plaintiff's Eighth Amendment medical care claims, the Court concludes

7

that Plaintiff has sufficiently alleged the violation of a clearly established constitutional right. In order to demonstrate an Eighth Amendment violation, a plaintiff must show that his inadequate care arose from a "deliberate indifference to [his] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). "First, a plaintiff must set forth evidence of an objectively serious medical need. Second, a plaintiff must prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." *Id.* (citations omitted). A serious medical need is "one that is diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would recognize the need for medical treatment." *Burnette v. Taylor*, 533 F.3d 1325, 1330 (11th Cir. 2008) (citing *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003)).

To establish the requisite deliberate indifference, a prisoner must prove that a defendant had "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Burnette*, 533 F.3d at 1330 (quotation omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 834-835 (1994). "The final requirement for a deliberate indifference claim is that a defendant have a causal connection to the constitutional harm." *Goebert v. Lee Cty.*, 510 F.3d 1312, 1327 (11th Cir. 2007).

As an initial matter, the Court concludes that Plaintiff has alleged a serious medical need (abdominal pain, blood in his stool, a bacterial infection, vomiting, dizziness, nausea, constipation, bloating, and gas). *Farrow*, 320 F.3d at 1243 (stating a serious medical need is "one that has been diagnosed by a physician as mandating

8

treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."); *see also Dobbey v. Miller*, 730 F. App'x 375, 378 (7th Cir. 2018) (assuming the plaintiff's H. Pylori infection, nausea, vomiting, and abdominal pain amounted to a serious medical need).

According to Plaintiff's allegations, Defendants S. Johnson, Hartley, and Stroh were aware that he was requesting medical treatment and was grieving the lack of treatment. Despite these facts, Defendants prevented him from attending medical appointments. Taking these allegations as true, the Court concludes that Plaintiff has sufficiently alleged that Defendants S. Johnson, Hartley, and Stroh had knowledge of a substantial risk of harm and disregarded that risk by more than mere negligence. Accordingly, Defendants S. Johnson, Hartley, and Stroh are not entitled to qualified immunity.

The Third Amended Complaint states that Defendant Calderon refused to: (1) prescribe medication or a low residue diet, (2) refer him to a gastroenterologist, or (3) perform medical tests to determine the cause of his pain, bacteria, vomiting, blood, nausea, and other symptoms. Plaintiff asserts that Defendant Calderon is aware of his medical history, yet the doctor refused to treat his serious medical needs. Plaintiff's allegations, if true, establish an Eighth Amendment violation. *See Burnette*, 533 F.3d at 1330.

Likewise, Plaintiff has established at this stage of the litigation an Eighth Amendment violation with respect to Defendants Todd and K. Johnson. According to

Plaintiff, Defendants failed to treat his symptoms, give him medication, or place him on medical call-out to see Defendant Calderon despite their knowledge of his medical history and current pain and symptoms. Therefore, Plaintiff has sufficiently alleged a substantial risk of harm and disregard of that risk by more than mere negligence.

Plaintiff also contends that Defendants violated his First Amendment rights. The First Amendment rights to free speech and to petition the government for a redress of grievances are violated when a prisoner is punished for filing a grievance concerning the conditions of imprisonment. *See Boxer X v. Harris*, 437 F.3d 1107, 1112 (11th Cir. 2006). To prevail on a retaliation claim, the inmate must establish that: "(1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the [official's] allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action [the refusal to provide proper medical care] and the protected speech [the grievance]." *O'Bryant v. Finch*, 637 F.3d 1207, 1212 (11th Cir. 2011) (per curiam) (footnote omitted).

Plaintiff's allegations that Defendants prevented him from attending medical appointments and denied him medical treatment as a result of filing grievances, if proven true, support a First Amendment violation. Plaintiff has sufficiently alleged that he was engaged in a protected activity, he suffered an adverse action, and the Defendants' actions in preventing his medical care was causally related to filing grievances. *See O'Bryant*, 637 F.3d at 1212; *Minnis v. Pitman*, No. 3:15-cv-1200-J-39JRK, 2018 WL 3974112,

at *16 (M.D. Fla. Aug. 20, 2018) (noting that "since there is no justification for harassing people for exercising their constitutional rights [the harassment] need not be great in order to be actionable" and conduct not amounting to "a constitutional violation on its own may nonetheless be actionable if done in retaliation against a person for exercising their First Amendment rights.") (citations omitted).

D. **Supervisory Liability**

Petitioner also sues Defendants Poole and Young, Assistant Warden and Warden of Tomoka Correctional Institution, in their individual capacities, alleging they are liable for the First and Eighth Amendment violations because they have authority as supervisors to "stop or abate the problems. . ." (Doc. 11 at 18-19).[1] Plaintiff also claims that there is an unconstitutional policy or custom at the Jail regarding the failure to treat inmates' medical concerns. (*Id.*).

A supervisor is not vicariously liable pursuant to § 1983 for the acts of his or her subordinates. *Doe v. School Bd. of Broward County*, 604 F.3d 1248, 1266 (11th Cir. 2010). Rather, a plaintiff must show that the supervisor personally participated in the alleged constitutional violation or there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation. *Cottone v. Jenne*, 326 F.3d

---

[1] The Eleventh Amendment does not bar suits against Defendants Poole and Young in their individual capacities. *See Hafer v. Melo*, 502 U.S. 21, 30–31 (1991) ("[T]he Eleventh Amendment does not erect a barrier against suits to impose 'individual and personal liability' on state officials under § 1983."); *Hobbs v. Roberts*, 999 F.2d 1526, 1528 (11th Cir. 1993) (noting that Eleventh Amendment immunity does not extend to " 'individual' or 'personal' capacity suits in federal court").

1352, 1360 (11th Cir. 2003). "The necessary causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," or "when a supervisor's custom or policy . . . result[s] in deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully and failed to stop them from doing so." *Id*. (citations and internal quotation marks omitted).

Plaintiff contends that Defendants directed the denial of medical care and were on notice that he had not been given the proper medical treatment. The Eleventh Circuit has held that a "single incident of a constitutional violation is insufficient to prove a policy or custom even when the incident involves several employees of the municipality" participating in the alleged unconstitutional conduct. *Craig v. Floyd County*, 643 F.3d 1306, 1311 (11th Cir. 2011) (holding the plaintiff's claim that Floyd County has a practice of not referring detainees to physicians, supported only by evidence that during his own incarceration he was not referred to a physician, was insufficient to demonstrate a policy or practice of deliberate indifference). In alleging that Defendants have instituted an unconstitutional policy or custom, Plaintiff has failed to provide any specific information regarding any other instances of a constitutional deprivation, nor has he identified a specific policy or custom that exists at the correctional facility. The fact that Defendants Poole and Young at some point became aware of the alleged denial of medical care through a grievance or letter is insufficient to state a claim against a supervisory official. *See Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming the district court's

dismissal of supervisory liability claims against two defendants who denied the plaintiff's grievances because the plaintiff failed to show that the defendants personally participated in any alleged constitutional violation or that there was a causal connection between their actions and the alleged constitutional violation).

Accordingly, it is **ORDERED** that:

1. With respect to the correctional officers and their supervisors (Doc. 18),

    (a) the Motion to Dismiss as to Defendants Young and Poole is **GRANTED**; and

    (b) the Motion to Dismiss as to S. Johnson, Hartley, and S. Stroh is **GRANTED** with respect to Plaintiff's official capacity claims and **DENIED** with respect to the Eighth and First Amendment individual claims.

2. With respect to the medical staff (Doc. 51), the Motion to Dismiss is **DENIED** as to Defendants Calderon, Todd, and K. Johnson.

3. Defendants have **TWENTY-ONE (21) DAYS** to file an Answer to the Third Amended Complaint.

**DONE AND ORDERED** in Orlando, Florida, this 15th day of March, 2019.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:

OrlP-3 3/19
Counsel of Record
Warren L. Oliver