# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**WARREN L. OLIVER,**

    **Plaintiff,**

**v.**                                                             **Case No:  6:17-cv-1792-Orl-31TBS**

**DR. CALDERON, MS. PAPP, GLENN YOUNG, OFFICER S. JOHNSON, OFFICER HARTLEY, ASSISTANT WARDEN POOLE, NURSE DURHAM, ALBERT MAIER, CENTURION MEDICAL COMPANY MHM INC., NURSE TODD, NURSE PRACTITIONER TAYLOR, OFFICER S. STROH and NURSE K. JOHNSON,**

    **Defendants.**

## ORDER

This matter comes before the Court without a hearing on the Motion for Temporary Restraining Order (Doc. 72) filed by the Plaintiff, Warren Oliver (henceforth, "Oliver"). In his two-page motion, Oliver makes a number of requests – to stop Defendants from retaliating against him, to return to a lower bunk because of his shoulder pain, and to be transferred so he can receive adequate medical care – but does not indicate that any of the requests are an emergency.

A federal court may enter a temporary restraining order without notice to the adverse party or its attorney only if specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. Fed.R.Civ.P. 65(b)(1). This standard has not been met. In addition, the issuance of a temporary restraining order is an extraordinary remedy. *See California v. American Stores Company*, et al., 492 U.S. 1301, 110 S.Ct. 1, 106 L.Ed.2d 616 (1989); *Johnson*

*v. U.S. Dept. of Agriculture*, 734 F.2d 774 (11th Cir.1984). The party seeking a temporary restraining order must demonstrate: 1) a substantial likelihood of success on the merits, 2) that irreparable injury will be suffered if the injunction is not granted, 3) that the threatened injury outweighs the harm the relief would inflict on the non-movant, and 4) that the entry of relief would serve the public interest. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1226-27 (11th Cir.2005). Injunctive relief may not be granted unless the plaintiff establishes the substantial likelihood of success criterion. *Id*. at 1227. Oliver has not done so here.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion for Temporary Restraining Order (Doc. 72) filed by the Plaintiff, Warren Oliver, is **DENIED.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 18, 2019.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party